In the Matter of JULES B. ST. GERMAIN, Personally and on Behalf of THOMAS P. SCULLY, et al., Petitioners, against HERBERT WINES, Village Clerk of Incorporated Village of Island Park, Constituting the Board of Elections for the Village of Island Park, Respondent.

Supreme Court, Special Term, Nassau County, March 8, 1946.

*Jules B. St. Germain* for petitioners.

*Lloyd D. McCrum* for respondent.

STODDART, J. In this application, it appears that trustee Joseph Juchter was elected in March, 1945, for a term of two years. He resigned in July, 1945. In August, 1945, the Board of Trustees appointed Conrad Sturm to fill Juchter's " unexpired term ". As the appointment was to an elective office, the Village Board had no authority to appoint Sturm for a term

extending beyond the end of the current official year. That authority exists only with respect to an appointive office (Village Law, § 61). Section 50 of the Village Law provides that vacancies occurring in an elective office more than twenty days prior to an annual election shall be filled at that election.

On the evening of March 5, 1946, at 11:58 P.M., the petitioners herein attempted to file a nominating certificate, designating Alfred Riehl as a trustee for one year, to fill the unexpired term of said Juchter. The Village Clerk received the petition and affixed the receipt of the Village Clerk's Office thereto. Subsequently, and after a consultation with the Village Counsel, he marked on the petition " Refused (no office advertised for trusteeship for one year) — party does not wish to eliminate said candidate from petition." No reference was made at that time that the petition was not timely filed.

The petitioners, thereupon, on March 6th, obtained an order directing the Village Clerk to show cause why said nominating petition should not be accepted and filed. On the return of this order no question was raised as to the timely filing of the petition and after oral argument, counsel for the respondent was allowed until 10:00 A.M., March 8, 1946, to file a memorandum of law. This morning an answer was filed in which, for the first time, it was asserted that the filing of the nominating petition was not timely, in accordance with the provisions of subdivision 11 of section 140 of the Election Law.

This subdivision provides: " § 140. *Times for filing petitions and certificates and for holding conventions.* * * * 11. All papers required to be filed pursuant to the provisions of this chapter shall be filed between the hours of nine a.m. and five p.m. If the last day for filing shall fall on a legal holiday, such papers shall be accepted for filing on the next business day. All papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be accepted for filing on the next business day."

It will be noted that the first sentence of this subdivision provides that the petition shall be filed between the hours of 9:00 A.M. and 5:00 P.M., and that the last sentence provides that all papers sent by mail must be postmarked prior to midnight of the last day of filing.

Prior to this amendment, the Election Law gave the petitioner the whole day of March 5th in which to file his certificate. This amendment, in my opinion, was not intended to reduce this time, for it is quite apparent that if the petitioner was unable to file his petition in the Village Clerk's Office before five o'clock, all

that was necessary for him to do was to mail it " in an envelope postmarked prior to midnight of the last day of filing  *  *  *."

The Village Clerk, having been in his office after five o'clock and having accepted the petition in the first instance, and subsequently rejected it, not because it was not timely filed, but for other reasons, this court directs the Village Clerk to accept the nominating petition.